# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0809V
Filed: January 17, 2019
UNPUBLISHED

| | |
|---|---|
| TERESA FOWLER,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for petitioner.
*Justine Elizabeth Walters*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On June 15, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza ("flu") vaccine administered on October 20, 2014. Petition at 1. On August 23, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 40.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 5, 2018, petitioner filed a motion for attorneys' fees and costs. ECF No. 45. Petitioner requests attorneys' fees in the amount of $24,912.20 and attorneys' costs in the amount of $1,411.23. *Id.* at 1-2. Petitioner also requests attorneys' fees in the amount of $9,650.00 and attorneys' costs in the amount of $185.29 for former attorney Staci Hartman-Nelson. *Id.* at 2. Additionally, in compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred $7.25 in out-of-pocket expenses. *Id.* at 2. Thus, the total amount requested is $36,165.97.

On December 19, 2018, respondent filed a response to petitioner's motion. ECF No. 47. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

### I. Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs.§ 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees

and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II. Discussion

### A. Hourly Rate

The undersigned has reviewed the billing records submitted with petitioner's request. Petitioner requests compensation for Conway Homer, PC, at rates of $307 - $421 per hour for attorneys, $148 - $152 per hour for law clerks and $135 - $142 per hour for paralegals. ECF No. 45 at 19. The undersigned finds no cause to reduce these rates as they have been previously awarded to attorneys and staff of Conway Homer PC.

### B. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 4.2 hours was billed on tasks considered administrative including, receiving documents, preparing documents for summarization, preparing travel arrangements, and sending correspondence. The undersigned reduces the request for attorneys' fees in regard to Conway Homer, PC in the amount of $655.60.

## III. Attorney Costs

### a. Conway, Homer, PC

Petitioner requests reimbursement for costs incurred from Conway, Homer, PC in the amount of $1,411.23. ECF No. 45 at 2. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought regarding Conway Homer PC.

### b. Staci Hartman-Nelson

#### i. Hourly Rate

3

Petitioner is requesting an hourly rate of $250 per hour for prior attorney Staci Hartman-Nelson. Ms. Hartman-Nelson has been licensed in the state of Nebraska since 2006.[3] This places Ms. Hartman-Nelson in the range of attorneys with 8-10 years' experience. The undersigned finds the requested hourly rate appropriate given her years of experience and awards it herein.

> ii.     Non-Compensable

Upon review of the billing records Ms. Hartman-Nelson billed multiple line entries for researching the Vaccine Program, program attorneys and rules. "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

> iii.    Block Billing

It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Services,* 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.,* 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Billing records submitted show multiple entries, including non-compensable tasks (such as program research, administrative tasks and paralegal tasks billed at attorney rate) and compensable time, together as one line entry. Due to these entries being blocked it makes it difficult to determine the amount of time spent on each task. The Vaccine Program guidelines state "Each task should have its own line entry indicating the amount of time spent on that task. Lumping together several tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request."[4]

---

[3] This information was obtained from Avvo.com and Ms. Hartman-Nelson's firm's website. Links are below:
http://hartman-nelsonlaw.com/your-attorney/1736756
https://www.avvo.com/attorneys/68144-ne-staci-hartmannelson-4659947.html

[4] *Guidelines for Practice Under the National Vaccine Injury Compensation Program,* are available on the court's website at
https://www.uscfc.uscourts.gov/sites/default/files/18.11.05%20Vaccine%20Guidelines.pdf

For the reasons stated above the undersigned finds it reasonable to reduce the request for attorney's fees for prior counsel Staci Hartman-Nelson, by 5 percent. This results in a **reduction in the amount of $482.50**.[5]

### iv.  Costs

Petitioner requests reimbursement for costs incurred from Staci Hartman-Nelson in the amount of $185.29.  *Id.* at 1.   Invoices and receipts were not submitted for review, however the undersigned finds the requested amount for costs reasonable and awards the full amount of attorney costs sought regarding Staci Hartman-Nelson.

### c.  Petitioner's Costs

Petitioner personally incurred costs in the amount of $7.25.  *Id.* at 2.  The undersigned awards the amount to petitioner in full.

## IV.   Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $35,027.87[6] as follows:**

- **A lump sum of $25,667.83, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Ronald Craig Homer;**

- **A lump sum of $9,352.79, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's former counsel, Staci Hartman-Nelson; and**

- **A lump sum of $7.25, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[7]

---

[5] This amount consists of $9650.00 x 0.05 = $482.50.

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master
